857 F.2d 979
 28 ERC 1389, 57 USLW 2279, 19 Envtl.
L. Rep. 20,118
 CINCINNATI INSURANCE COMPANY, Plaintiff-Appellee,
v.
MILLIKEN AND COMPANY, Defendant-Appellant,
and
Ralph C. Medley; Grace Medley; Clyde Medley; Barry
Medley, d/b/a Medley Concrete Company, individually;
Unisphere Chemical Corporation; National Starch and
Chemical Corporation; Abco Industries, Inc.; BASF
Corporation; Ethox Chemicals, Inc.; Polymer Industries, a
division of Morton-Thiokol, Inc.; Tanner Chemical Company;
United States of America, Defendants.
CINCINNATI INSURANCE COMPANY, Plaintiff-Appellee,
v.
NATIONAL STARCH AND CHEMICAL CORPORATION, Defendant-Appellant,
and
Ralph C. Medley; Grace Medley; Clyde Medley; Barry
Medley, d/b/a Medley Concrete Company, individually;
Milliken and Company; Unisphere Chemical Corporation; Abco
Industries, Inc.; BASF Corporation; Ethox Chemicals, Inc.;
Polymer Industries, a division of Morton-Thiokol, Inc.;
Tanner Chemical Company; United States of America, Defendants.
CINCINNATI INSURANCE COMPANY, Plaintiff-Appellee,
v.
ABCO INDUSTRIES, INC.; Polymer Industries, a division of
Morton-Thiokol, Inc.; Tanner Chemical Company,
Defendants-Appellants,
and
Ralph C. Medley; Grace Medley; Clyde Medley; Barry
Medley, d/b/a Medley Concrete Company, individually;
Milliken and Company; Unisphere Chemical Corporation;
National Starch and Chemical Corporation; BASF Corporation;
Ethox Chemicals, Inc.; United States of America, Defendants.
 Nos. 87-1751, 87-1752 and 87-1761.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 9, 1988.
Decided Sept. 30, 1988.
 
 James Dabney Miller (Charles H. Tisdale, Jr., Daniel J. King, S. Samuel Griffin, King & Spaulding, Atlanta, Ga., Julius W. McKay, Haynsworth, Marion, McKay & Guerard, Columbia, S.C., on brief), for defendants-appellants.
 John Ephraim Johnston (Perry H. Gravely, Leatherwood, Walker, Todd & Mann, Greenville, S.C., on brief) for plaintiff-appellee.
 Before WINTER, Chief Judge, HALL, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Milliken & Co. and three other firms, all generators of waste that had contracted with Ralph C. Medley or with his associates for disposal of hazardous wastes, appeal a judgment declaring that Cincinnati Insurance Co. is not obligated to defend or indemnify Medley in an action brought by the United States to recover the response costs of removing the wastes from Medley's farm. Relying on Maryland Casualty Co. v. Armco, Inc., 822 F.2d 1348 (4th Cir.1987), and Mraz v. Canadian Universal Insurance Co., 804 F.2d 1325 (4th Cir.1986), the district court held that the equitable relief sought by the United States was not within the coverage of two policies which provided that Cincinnati would pay all sums which Medley "shall become legally obligated to pay as damages, because of: property damage to which this insurance applies." We affirm.
 
 
 2
 In the underlying action the United States sued Medley, his associates, and the generators of the hazardous waste for recovery of cleanup costs pursuant to provisions of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. Secs. 9604(a) and (b) and 9607(a). The complaint alleges that the waste had contaminated the soil and groundwater of Medley's farm and that toxic compounds had been detected in neighboring wells. The government seeks judgment against the defendants jointly and severally "for all costs incurred and to be incurred by the United States in response to the release or threatened release of hazardous substances at the Medley Farm." It also seeks a declaratory judgment that the defendants are liable for future response costs. The prayer for relief is based on 42 U.S.C. Sec. 9607(a)(1)-(4)(A) which empowers the government to sue for "all costs of removal or remedial action incurred by the United States." Although subsection (a)(4)(C) authorizes recovery for "damages for injury to, destruction of, or loss of natural resources," the government did not make any claim for this type of damage.
 
 
 3
 Armco, 822 F.2d at 1351-54, construed Sec. 9607(a)(1)-(4)(A) to provide for the equitable remedy of restitution. Interpretation of the statute is, of course, a function of federal law. In contrast, Armco applied state law to construe the insurance policy. It held that a general comprehensive liability policy, with a coverage clause similar to the clause in the Cincinnati policy, did not obligate the insurer to defend or indemnify for a claim of restitution. The policy covered legal, not equitable, "damages" incurred by the insured. 822 F.2d at 1351-54. Accord Continental Ins. Cos. v. Northeastern Pharmaceutical and Chemical Co., 842 F.2d 977 (8th Cir.1988) (applying Missouri law).
 
 
 4
 Mraz, 804 F.2d at 1328-29, held that the cleanup costs for which provision is made in Sec. 9607(a)(1)-(4)(A) are not damages to property. This interpretation of the statute is a function of federal law. The insurance policy in Mraz, like Cincinnati's policy, defined property damage as "injury to or destruction of tangible property." Applying state law, the court held that the policy did not cover response or cleanup costs. The allegations of property damage, the court explained, "set forth the basis for the governments' response costs." 804 F.2d at 1329; but see Northeastern Pharmaceutical, 842 F.2d at 983-84.
 
 
 5
 Armco and Mraz were decided under Maryland law. The meaning of Cincinnati's policy must be determined by application of South Carolina law. Nevertheless, the district court properly concluded that its decision should follow the reasoning of Armco and Mraz. We perceive no material distinctions between the South Carolina and Maryland laws in the construction and interpretation of insurance policies that should cause us to deviate from Armco and Mraz. Absent ambiguity, in South Carolina the language of an insurance policy is given its plain, ordinary, and popular meaning. Sloan Construction Co. v. Central Nat'l Ins. Co., 269 S.C. 183, 185, 236 S.E.2d 818, 819 (1977). Similarly, in Maryland words of an insurance contract are to be given their customary and normal meaning. National Grange Mutual Ins. Co. v. Pinkney, 284 Md. 694, 399 A.2d 877, 882 (Md.1979).
 
 
 6
 In the insurance context the word "damages" is not ambiguous. It means legal damages. Northeastern Pharmaceutical, 842 F.2d at 985-87; Armco, 822 F.2d at 1352. As a general rule comprehensive general liability policies do not extend coverage to claims for equitable relief. Northeastern Pharmaceutical, 842 F.2d at 986; Armco, 822 F.2d at 1352. We have no doubt that South Carolina law, in concert with Maryland and Missouri, would recognize that a general comprehensive liability policy which obligated the insurer to pay "all sums which the insured shall become legally obligated to pay as damages" would not cover claims for which the insured is equitably obligated to pay.
 
 
 7
 Although an insurance carrier's duty to defend is broader than the coverage it affords, for reasons adequately explained in Armco, 822 F.2d at 1264, Cincinnati was not obligated to defend the action brought by the United States.
 
 
 8
 The judgment of the district court is affirmed.